UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS J. DEPUTY,

    Plaintiff,

vs.                                           CASE NO. 3:08-cv-1142-J-34TEM

KENNY R. HOAG, et al.,

    Defendants.

_____

**O R D E R**

This matter is before the Court on Defendants' Motion to Compel Discovery (Doc. #25, Motion). In the Motion, Defendants assert that Plaintiff has not responded to Defendants' Initial Interrogatories and First Request for Production of Documents, served on May 7, 2009 (Doc. #25 at 1). Defense counsel avers that he has contacted Plaintiff's counsel by letter on several occasions in order to try and obtain the sought discovery—to no avail (Doc. #25 at 2).

There is no evidence in the file indicating that Plaintiff has supplied Defendants with the information sought through their discovery requests. Moreover, Plaintiff has not filed a response in opposition to the Motion and the time for doing so has expired.[1]

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion

---

[1] Defendants filed the instant motion on April 6, 2010; therefore, any response in opposition would have been due on or before April 20, 2010. See Fed. R. Civ. P. 6; M.D. FLA. LOC. R. 3.01(b).

regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

The Court has considered this matter and, accordingly, it is now **ORDERED**:

1. Defendants' Motion to Compel Discovery (Doc. #25) is **GRANTED**.
2. Plaintiff shall respond to Defendants' Initial Interrogatories and First Request for Production of Documents that were served on May 7, 2009.
3. Plaintiff's compliance is ordered **within ten (10) days** of the date of this Order. Any objection as to privilege is preserved and is subject to Plaintiff's proper submission of a detailed privilege log.

4. **Plaintiff has until <u>May 21, 2010</u> to SHOW CAUSE** as to why Defendants' costs and attorney's fees associated with bringing the instant motion should not be awarded.

**DONE AND ORDERED** at Jacksonville, Florida this <u>4th</u> day of May, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge